## Gilchrist's Ex'ors. *vs* Williams' Adm'r.

SCI. FA.

ERROR TO THE BRECKINRIDGE CIRCUIT.

Case 45.

*Administrator. County Court. Jurisdiction. Debtor.*

JUDGE EWING delivered the Opinion of the Court.

December 16.

WILLIAMS, a resident of Virginia, died in that state,   The case stated.
and having some uncollected claim in Jefferson County,
in this state, and a judgment in Breckinridge, against
Gilchrist's executors, Fortunatus Cosby claiming to be a
creditor of Williams, took out letters of administration
upon his estate in the former county, and sued out a *sci-
re facias*, to revive the judgment against Gilchrist's ex-
ecutors. The defendants pleaded that the plaintiff was
no administrator, and upon proof of the fact that the
credits of Williams, in the county of Jefferson, at his
death, were of less amount and value than the judgment
in Breckinridge, contended that the letters of administra-
tion were void for want of jurisdiction in the County
Court of Jefferson to grant them.

The Court below having decided against the plaintiffs,   Decision of the
they have brought the case to this Court.                Circuit Court.

The statute provides, in a case like that of the dece-
dents, that letters may be granted by the County Court of
the county "wherein his estate, or the *greater part* thereof,
shall be:" *Statute Law,* 1542—661.

And though it might be conceded that in a direct pro-   Debtor cannot,
ceeding, instituted by a party having a direct interest in   in a proceeding
against him by
the question, letters granted by a County Court of a   an administrator,

GILCHRIST'S EX'S
vs
WILLIAMS' AD'R.

question the au-
thority of the
C'ty. C't. grant-
ing administra-
tion on the
ground that more
of the intestates
effects were in
another county.

county in which a lesser part of his property may be at the death of the decedent, such letters might be annulled, we cannot agree, that a debtor, on the proof of such fact, in a proceeding against him, to recover a debt, or enforce execution against him for the same, can defeat the recovery by impeaching the authority of the County Court to grant the letters upon such ground. To give such construction to the statute would lead to the most pernicious consequences.

It would subject the administrator's right to a recovery, however just the demand, to the quantum of evidence in each case, and to the ever varying opinions of witnesses as to the amount or value of the estate or credits of the decedent. Should he sue under letters granted by one county, by one set of witnesses it might be proven that a greater amount or value of property or credits was in some other county, at the death of the decedent; and should he take out letters in that county, and bring another suit, by another set of witnesses, it might be proven that a greater amount or value of the property was in the first mentioned or some other county—each set of witnesses being equally honest but differing in their opinions as to the value of the property or credits. And so the administrator might be subjected to endless perplexities in collecting the debts and administering the estate of his intestate. We cannot believe that a construction should be given to the act which might lead to such consequences.

The existence of personal property or credits in the county must therefore be deemed, *prima facie*, sufficient to give jurisdiction to the Court of the county to grant letters of administration, when the decedent dies abroad and has no land in any county of the state. And if, upon the fact that property or credits was in the county, jurisdiction has been assumed and letters granted, those letters must remain in full force until they have been annulled or revoked by some direct proceeding, and cannot be impeached or annulled collaterally, by a debtor, having no direct interest in the question, upon the proof of the fact of the existence of a greater amount or value of property or credits in some other county.

The judgment of the Circuit Court is, therefore, affirmed with costs.

R. *Wickliffe* for plaintiff: *Pirtle* for defendant.